

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| LINDEMAN BROS., INC., a foreign corporation, | ) ) ) | No. 40377-7-III |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| PACIFIC RECYCLE, LLC; and GREG S. HULSEY, | ) ) ) | |
| | ) | UNPUBLISHED OPINION |
| Defendants, | ) ) | |
| ERIK E. HIGHBERG and JANE DOE HIGHBERG, husband and wife, | ) ) ) | |
| Respondents. | ) ) ) | |
| | ) | |
| MICHIKO N. STEHRENBERGER, | ) ) | |
| Appellant. | ) | |

MURPHY, J. — This appeal is a continuation of litigation between Michiko

Stehrenberger and Erik Highberg regarding a 2008 judgment. Stehrenberger appeals

from orders: (1) granting Highberg's motion for entry of a satisfaction of judgment,

and (2) awarding Highberg attorney fees based on Stehrenberger's intransigence.

No. 40377-7-III
*Lindeman Bros., Inc. v. Pac. Recycle, LLC*

We reverse the award of attorney fees and dismiss the portion of Stehrenberger's appeal arising out of the order granting entry of satisfaction of judgment that is not related to the attorney fee challenge, as those non-fee award issues have been mooted by this court's decision in *Lindeman Bros. Inc. v. Pacific Recycle, LLC*, No. 39641-0-III (Wash. Ct. App. June 12, 2025) (unpublished) (*Lindeman Bros.* I), https://www.courts.wa.gov/opinions/pdf/396410_unp.pdf.

BACKGROUND AND PROCEDURAL HISTORY

In 2008, the Spokane County Superior Court entered a money judgment in favor of Lindeman Bros., Inc. against Pacific Recycle, LLC, Erik Highberg, and Jane Doe Highberg. In 2017, Stehrenberger purchased the judgment from Lindeman Bros. and became the judgment creditor. The trial court entered an order renewing the judgment after various transfers and partial payments.

In 2019, after Stehrenberger secured a writ of garnishment for Highberg's employer, Highberg's attorney contacted Stehrenberger to negotiate resolution of the judgment. The parties entered an agreement in which Highberg agreed to pay Stehrenberger $269,485.20 in exchange for a satisfaction of the judgment. On July 23, 2019, Stehrenberger executed and returned a satisfaction of judgment to Highberg's attorney. On August 2, Highberg's attorney wired payment, sent Stehrenberger an e-mail noting "'the payment does not in any way waive any rights and remedies that may be

2

available to [Highberg] to contest the accuracy of the amount paid.'" Clerk's Papers (CP) at 17. Highberg's attorney filed the executed satisfaction of judgment with the clerk of court on August 5, the date payment was complete. During communications between Highberg's attorney and Stehrenberger preceding the agreement, the attorney never suggested that Highberg intended to reserve any right to contest the accuracy of the amount paid. In response to the e-mail from Highberg's attorney, Stehrenberger filed a document revoking her signature on the satisfaction of judgment and asserted the Spokane County Clerk was not authorized to discharge the judgment. Further litigation ensued.

In March 2023, the superior court found Highberg had fully satisfied the 2008 judgment and vacated it under CR 60(b)(6). However, at the end of the order, the trial court struck language that authorized and directed the Clerk of the Court to enter a satisfaction of judgment. The order read:

### III. ORDER

1. The Court's written decision dated February 21, 2023 is fully incorporated herein.
2. Defendant and Judgment Debtor, Erik Highberg's Motion to Vacate Judgment No. 08-9-02811-9 pursuant to CR 60(b)(6) is **granted**.
3. Defendant's request for an award of attorney fees and sanctions for damages against Ms. Stehrenberger pursuant to CR 60(b)(6) is **denied**.
4. Ms. Stehrenberger's motion to strike is **denied**.
5. ~~Clerk's Action. The Court does hereby authorize and direct the Clerk of the Court to enter a satisfaction of judgment according to this order.~~

3

No. 40377-7-III
*Lindeman Bros., Inc. v. Pac. Recycle, LLC*

CP at 21.

Stehrenberger appealed the trial court's decision to vacate the 2008 judgment.[1] At the time Stehrenberger filed this appeal, we had not yet decided her first appeal. However, in June 2025, this court affirmed the trial court's decision to vacate the 2008 judgment. *See Lindeman Bros.* I, No. 39641-0-III.

*Highberg's motion to enter satisfaction of judgment*

In 2024, while Stehrenberger's first appeal was pending, Highberg moved for entry of a satisfaction of judgment. The superior court granted the motion, denied Stehrenberger's stay requests, and found that Highberg was entitled to an award of attorney fees based on Stehrenberger's intransigence, finding that Stehrenberger failed to enter a satisfaction of judgment as required under RCW 4.25.100, thus requiring Highberg to bring a motion.

---

[1] The record in Stehrenberger's appeal of the trial court's March 2023 order vacating judgment is not part of the record before us now. Because her prior appeal is essential to determining this appeal, this court takes judicial notice of its existence. *Eugster v. Wash. State Bar Ass'n*, 198 Wn. App. 758, 795, 397 P.3d 131 (2017) ( "We may take judicial notice of the record in the case presently before us or 'in proceedings engrafted, ancillary, or supplementary to it.'") (quoting *Spokane Research & Defense Fund v. City of Spokane*, 155 Wn.2d 89, 98, 117 P.3d 1117 (2005); *Highlands Plaza, Inc. v. Viking Inv. Corp.*, 2 Wn. App. 192, 193, 467 P.2d 378 (1970) ("We take judicial notice of the records of the prior appeal.").

No. 40377-7-III
*Lindeman Bros., Inc. v. Pac. Recycle, LLC*

*Attorney fees*

Highberg's counsel subsequently submitted a declaration of attorney fees, with itemized legal invoices appended, requesting $9,007.50. Stehrenberger objected on numerous grounds. Highberg's counsel replied to Stehrenberger's objection and also submitted an updated invoice, raising the total requested fees to $9,910.

The trial court entered a written order awarding Highberg $9,910 in fees based on a finding of Stehrenberger's intransigence. The trial court found "the requested attorney fees and supporting affidavits meet the lodestar method." CP at 128.

Stehrenberger timely appeals. Highberg has not participated in this appeal.

ANALYSIS

*Mootness of order granting entry of satisfaction of judgment*

As an initial matter, we must determine if Stehrenberger's appeal from the order granting entry of the satisfaction of judgment is moot. We may raise the issue of mootness sua sponte. *In re Det. of C.W.*, 105 Wn. App. 718, 723, 20 P.3d 1052 (2001). Mootness is a question of law reviewed de novo. *Ctr. for Biological Diversity v. Dep't of Fish & Wildlife*, 14 Wn. App. 2d 945, 985, 474 P.3d 1107 (2020). An appeal is moot if we cannot provide effective relief. *Id*. A moot appeal should be dismissed. *Heritage Grove v. Dep't of Health*, 11 Wn. App. 2d 406, 412, 453 P.3d 1022 (2019).

Stehrenberger filed the present appeal while her appeal of the trial court's order vacating the 2008 judgment was pending. Stehrenberger challenges the trial court's authority under RAP 7.2, the trial court's denial of stays under CR 62(a) and RAP 8.1, and lack of notice under CR 54(f). Stehrenberger essentially argues the trial court (1) exceeded its authority by ordering the Spokane County Clerk to enter satisfaction of judgment, and (2) deprived her of her right to postpone entry of the trial court's order. She argues she was harmed by the trial court's decision because she would lose her priority position as a judgment creditor against Highberg.

This court issued its decision in the first appeal approximately one year after Stehrenberger filed the current appeal. We affirmed the trial court's vacation of the 2008 judgment, "conclud[ing] that Erik Highberg satisfied the judgment with his payment of $269,485.20. *Lindeman Bros.* I, No. 39641-0-III, slip op. at 9. We also noted that [r]egardless of whether the superior court vacates the judgment or Stehrenberger satisfies the judgment, the practical effect remains the same." *Id*. at 9.

Our affirmation in the prior appeal confirmed the judgment's satisfaction. Given our prior decision, Stehrenberger can no longer claim that she is entitled to priority as a judgment creditor. This court can no longer provide effective relief regarding this issue.

No. 40377-7-III
*Lindeman Bros., Inc. v. Pac. Recycle, LLC*

No public interest exceptions to mootness apply: the issues are private, require no guidance to officers, and lack substantial importance. *See In re Dependency of L.C.S.*, 200 Wn.2d 91, 99, 514 P.3d 644 (2022). The actual merits of the controversy have been settled by this court's earlier decision. We dismiss this portion of the appeal as moot.

*Attorney fee award for intransigence*

Stehrenberger contends the trial court erred by awarding attorney fee sanctions against her based on intransigence because (1) the plain language of RCW 4.56.100 does not require judgment creditors to enter a satisfaction of judgment, and she therefore could not have been intransigent as a matter of law, and (2) her actions did not rise to the level of intransigence.[2] We agree.

"We apply a two-part standard of review to a trial court's award or denial of attorney fees: (1) we review de novo whether there is a legal basis for awarding attorney fees by statute, under contract, or in equity and (2) we review a discretionary decision to award or deny attorney fees and the reasonableness of any attorney fees award for an abuse of discretion." *Falcon Props., LLC v. Bowfits 1308, LLC*, 16 Wn. App. 2d 1, 11,

---

[2] Stehrenberger also contends the trial court erred for the following additional reasons: (1) RCW 4.56.100 does not authorize awards of attorney fees, (2) Highberg is estopped from requesting attorney fees, and (3) assuming the trial court correctly awarded fees, the trial court failed to segregate nonrelevant legal fees. Because we resolve this issue on other grounds, we do not address these contentions.

478 P.3d 134 (2020) (citing *Gander v. Yeager*, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012)).

"[A]ttorney fees based on intransigence are an equitable remedy." *In re Marriage of Mattson*, 95 Wn. App. 592, 604, 976 P.2d 157 (1999) (citing *In Re Marriage of Greenlee,* 65 Wn. App. 703, 708, 829 P.2d 1120 (1992)). "Intransigence includes foot dragging and obstruction, filing repeated unnecessary motions, or making the trial unduly difficult and costly by one's actions." *In Re Marriage of Bobbitt*, 135 Wn. App. 8, 30, 144 P.3d 306 (2006). "Courts may award fees based on intransigence—without inquiring into the parties' mental states—where one party's actions caused the other party to incur significant additional legal fees that would have otherwise been unnecessary." *In Re Marriage of Bresnahan*, 21 Wn. App. 2d 385, 412, 505 P.3d 1218 (2022).

In its oral ruling, the trial court found that Stehrenberger was "required to enter a satisfaction of judgment, either partial or full, under the statute. [Stehrenberger] did not do that. It required a motion." Rep. of Proc. (Apr. 19, 2024) at 23. The trial court "fully incorporated" its oral ruling into the written order. CP at 63. Stehrenberger challenges this finding, arguing (1) she had no duty to enter a satisfaction of judgment under RCW 4.56.100 and therefore could not be intransigent, (2) she relied on the trial court's March 10, 2023, order, where the trial court struck language authorizing and

directing the clerk of court to enter a satisfaction of judgment, [3] and (3) her appeal of the trial court's March 2023 order was pending at the time the order awarding attorney fees based on intransigence was entered.

> *Plain language analysis of RCW 4.56.100*

Stehrenberger first argues that, under the plain language of RCW 4.56.100, she was not required to enter a satisfaction of judgment and, therefore, could not be found intransigent for failing to do so. We agree.

This court reviews questions of statutory interpretation de novo. *Burns v. City of Seattle*, 161 Wn.2d 129, 140, 164 P.3d 475 (2007). "The primary goal of statutory interpretation is to ascertain and give effect to the legislature's intent and purpose." *In re Parentage of J.M.K.*, 155 Wn.2d 374, 387, 119 P.3d 840 (2005). When a statute's meaning is plain, we give effect to that plain meaning as an expression of legislative intent. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002). "'Statutes must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous.'" *Davis v. Dep't of Licensing*, 137 Wn.2d 957, 963, 977 P.2d 554 (1999) (quoting *Whatcom County v. City*

---

[3] As previously noted, Stehrenberger had executed a satisfaction of judgment on July 23, 2019, and Highberg's attorney filed it with the clerk of court on August 5, 2019, once the wire transfer of funds was completed. Stehrenberger later unsuccessfully sought to revoke the satisfaction of judgment.

No. 40377-7-III
*Lindeman Bros., Inc. v. Pac. Recycle, LLC*

*of Bellingham*, 128 Wn.2d 537, 546, 909 P.2d 1303 (1996)).

This case requires us to interpret RCW 4.56.100, which states in relevant part:

> (1) When any judgment for the payment of money only shall have been paid or satisfied, the clerk of the court in which such judgment was rendered shall note upon the record in the execution docket satisfaction thereof giving the date of such satisfaction upon *either the payment to such clerk of the amount of such judgment*, costs and interest and any accrued costs by reason of the issuance of any execution, *or the filing with such clerk of a satisfaction entitled in such action and identifying the same executed by the judgment creditor* or his or her attorney of record in such action or his or her assignee acknowledged as deeds are acknowledged. . . . When so satisfied by the clerk or the filing of such certificate the lien of such judgment shall be discharged.

(Emphasis added.)

By its plain language, RCW 4.56.100(1) requires the clerk of the court to "note upon the record" the satisfaction of judgment. The clerk's duty arises in one of two ways: (1) the amount of the judgment is paid to the clerk, or (2) a satisfaction that has been executed by the judgment creditor is filed with the clerk.

The trial court found that Stehrenberger's purported intransigence arose from her refusal to enter a satisfaction of judgment. Stehrenberger correctly notes that the language of the statute does not directly regulate the actions of the judgment creditor, to and including the timing of execution of any satisfaction of judgment by a judgment creditor.

10

The plain language of RCW 4.56.100 does not require Stehrenberger to enter a satisfaction of judgment, which in turn means she could not, therefore, be intransigent for failing to do so.

*Finding of intransigence*

Stehrenberger next argues that her actions in this case are not sufficiently severe to warrant a finding of intransigence. We agree.

Stehrenberger correctly notes her duty to enter a satisfaction of judgment was not clear based on the trial court's March 2023 order. In that proceeding, Stehrenberger objected to the trial court entering a satisfaction of judgment because there was a motion for reconsideration pending, and the trial court responded to her objection by striking that specific language authorizing and directing the clerk of court to enter satisfaction. Therefore, it was not clear that the ongoing litigation was otherwise "unnecessary." *See Bobbitt*, 135 Wn. App. at 30.

The trial court's sole basis for intransigence lacks support and therefore constitutes an abuse of discretion. It was error for the trial court to award attorney fees based on intransigence.

## CONCLUSION

We reverse the award of attorney fees and dismiss the portion of Stehrenberger's appeal arising out of the order granting entry of satisfaction of judgment that is not

11

No. 40377-7-III
*Lindeman Bros., Inc. v. Pac. Recycle, LLC*

related to the attorney fee challenge, as those non-fee award issues have been mooted by

this court's decision in *Lindeman Bros.* I.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Murphy, J.

WE CONCUR:

_____
Staab, A.C.J.

_____
Fearing, J.P.T. [†]

---

[†] George B. Fearing, a retired judge of the Washington State Court of Appeals,
is serving as a judge pro tempore of this court pursuant to RCW 2.06.150(1).